IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO SANDOVAL-SIFUENTES, | § § | |
| Petitioner, | § § | |
| V. | § | Civil Action No. 4:18-CV-775-P |
| | § | |
| ERIC D. WILSON, Warden, FMC-Fort Worth, | § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jose Alfredo Sandoval-Sifuentes, a federal prisoner confined at FMC-Fort Worth, against Eric. D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner is serving a 240-month term of imprisonment for his 2007 conviction in the United States District Court for the Western District of Texas for conspiracy to smuggle aliens with a death resulting. Resp't's App. 1-2, ECF No. 12-1. Petitioner has filed three § 2255 motions to vacate, set aside, or correct sentence in the convicting court, to no avail.[1] Mots., United States v. Sandoval-Sifuentes, PACER, Criminal Docket for Case #:

---

[1] Two of the motions were designated by Petitioner as habeas petitions under 28 U.S.C. § 2241 and subsequently construed and recharacterized as § 2255 motions.

3:06-cr-01421-DB-1, ECF Nos. 48, 111, 116. In the instant § 2241 petition, Petitioner's claims are vague and undeveloped. They are construed as follows: (1) he is actually innocent and did not admit to the crime of bringing in and harboring aliens; (2) the seriousness of the offense was not a factor under 18 U.S.C. 3553(a)(2); and (3) his guilty plea was not voluntary as required by due process. Pet. 5-6, ECF No. 6.

## II. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his federal conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction and sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable United States Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893,

904 (5th Cir. 2001).

Petitioner fails to satisfy these requirements in all respects. Even if Petitioner could establish his actual innocence, he presents no authority, and none is found, for an actual-innocence gateway to challenge a conviction in a § 2241 petition where, as here, he fails to satisfy the requirements of § 2255's savings clause. *See Perez v. Stephens,* 593 Fed. App'x 402, 403, 2015 WL 576845 (5th Cir. Feb. 12, 2015). A § 2241 petition is not an alternative to the relief afforded by motion in the convicting court under § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Petitioner cannot rely on § 2241 because his prior § 2255 motions were unsuccessful or to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers*, 253 F.3d at 830 (providing prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (providing prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective); *Tolliver,* 211 F.3d at 877 (providing petitioner cannot circumvent the restriction on filing successive § 2255 motions with § 2241 petition).

Petitioner has not met all three criteria required to invoke the savings clause of § 2255 as to the claims presented in this habeas-corpus petition. The Court is therefore without

jurisdiction to consider the petition.[2] *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of September, 2019.

*Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2]Because the Court lacks jurisdiction over this action, the issue of Petitioner's waiver of his postconviction remedies is not discussed.